## MOORE v. DEAN.

APPEAL—"CASE"—MAGISTRATE.—Where the "Case" does not show upon what ground the magistrate based his judgment, nor the exceptions to his judgment on appeal to Circuit Court, nor upon what grounds Circuit Court based its judgment, nor that Circuit Court ruled as indicated in the exceptions, this Court will not consider if the Circuit Court committed error of law in sustaining magistrate's judgment.

Before DANTZLER, J., Spartanburg, 1903.   Affirmed.

Action by Annie Moore against George R. Dean, in magistrate court.   From judgment for defendant in Circuit Court sustaining judgment of magistrate, plaintiff appeals.

*Messrs. Evans & Finley,* for appellant, cite: *Mortgagee has right to redeem mortgaged property:* Code, 1902, 3006. *Payment of mortgage debt discharges lien:* 60 S. C., 153; 51 S. C., 433.   *Contract was one for rent and not a laborer's contract:* Code, 1902, 2715; 18 S. C., 512; 35 S. C., 213; 54 S. C., 288.   *Proceeds of mortgage property must be applied to mortgage debt:* 57 S. C., 440; 20 S. C., 547; Bail. Eq., 430; 12 S. C., 32.

*Mr. D. A. Hydrick,* contra (no citations).

November 29, 1904.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The appeal in this case is from the judgment of the Circuit Court, affirming the judgment of the magistrate court in an action of claim and delivery for three cows resulting in favor of the defendant.   The exceptions are as follows:

"1st. In that the Circuit Judge erred in affirming the magistrate's ruling by allowing the introduction of the records, showing a previous trial between the same parties based upon said mortgage, it appearing by the evidence that the plaintiff had paid, or offered to pay, an additional amount

of $16 on the mortgage, which plaintiff claimed fully paid
off and discharged the same after the former judgment was
rendered; whereupon he would be entitled to plead payment
in full of his claim and delivery, and would not be bound by
any previous judgment.

"2d. In that the Circuit Judge erred in affirming the
ruling of the magistrate, who sustained the demurrer of the
defendant, and held that the plaintiff was estopped from
recovering in this action by reason of the judgment and exe-
cution introduced in a former claim and delivery proceed-
ings between the same parties. The error being that the
facts were not the same as in the former suit, as the
plaintiff had tendeded payment in full of the balance due on
the mortgage under which the former suit was tried.

"3d. In that the Circuit Judge erred in allowing the intro-
duction of oral testimony for the purpose of showing that the
written contract between Sam Moore and the defendant was
a laborer's contract and not a rental contract, in that it varied
the terms of a written contract.

"4th. In that the Circuit Judge erred in holding that the
contract introduced was a laborer's contract and not a rental
contract, as the terms of the contract and the evidence bear-
ing thereon clearly established a rental contract and not a
laborer's contract.

"5th. In that the Circuit Judge erred in holding that the
proceeds of the mortgaged property coming into the hands of
the mortgagee could be applied to the payment of an open
account and not credited on the mortgage, when there are
other parties interested in the mortgaged property, even by
the direct consent of the mortgagor. The error being in
allowing the credit on the open account of the proceeds of the
mortgaged property.

"6th. In that the Circuit Judge erred in holding that the
proceeds of the mortgaged property coming into the hands
of the mortgagee or his agent could be applied to the pay-
ment of an open account and not credited on the mortgage.

The error being that the law applies credit of the proceeds of mortgaged property when it comes into the hands of the mortgagee to the mortgage without any direction whatever from the mortgagor.

"7th. In that the Circuit Judge erred in finding that from the whole testimony the chattel mortgage had not been fully paid off and discharged by the proceeds from the sale of the crops, which were covered by the mortgage, which proceeds were delivered to the mortgagee or his agent, and amounted to more than the mortgage, together with interest and costs. The error being in the failure of the Court to apply the payment on the mortgage instead of on an open account."

The record does not show upon what grounds the magistrate based his judgment, except that the testimony is set out, nor does it show what exceptions were taken on appeal from the magistrate, nor upon what grounds the Circuit Court based its judgment. As the Court has no jurisdiction to review the findings of fact by the Circuit Court in a case of this kind, and as it does not appear that the Circuit Court ruled as indicated in the exceptions, we are not in a position to consider if that Court committed error of law. The Circuit Court's judgment, so far as we know, may have been based upon its view of the testimony.

The judgment of the Circuit Court is affirmed.